**No. 67721.**—Norman G. Jensen, Inc., of Calif., a/c Herbert G. Schwarz et al. *v.* United States, protests 58/23377, etc. (Los Angeles).

WILSON, Judge: Counsel for the parties have stipulated in open court—

\* \* \* that the articles at bar consist of ski poles; that they consist of equipment which is ordinarily used in conjunction with skis; and that they are in part of bamboo.

The collector assessed duty on the above-described merchandise at the rate of 25 per centum ad valorem under the provision in paragraph 409, Tariff Act of 1930, as modified by T.D. 53865 and T.D. 53877, for all articles, not specially provided for, wholly or partly manufactured of bamboo, other than certain named articles not in issue here.

The claim made in each of the protests is for duty at the rate of 16⅔ per centum ad valorem under the provision in paragraph 412 of the said act, as modified by T.D. 51802, reading, so far as pertinent, as follows:

| Tariff Act of 1930, paragraph | Description of products | Rate of duty |
|---|---|---|
| 412 | Manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for: | |
| \* | \* \* \* \* \* \* \* \*; skis, equipment ordinarily used in conjunction therewith, and parts of skis or of such equipment; \* \* \*_____ | \* <br> 16⅔% ad val. |

At the trial of the issue, an illustration contained in a catalog of the importer was admitted in evidence as plaintiffs' exhibit 1, and it was agreed that the said exhibit is an illustration of the merchandise involved.

On the foregoing record, plaintiffs argue that the issue is one of relative specificity and that the ski poles involved are more specifically provided for under the use provision for equipment ordinarily used in conjunction with skis in paragraph 412, as modified, than under the more general descriptive provision in paragraph 409 for articles wholly or partly manufactured of bamboo. Counsel cites cases enunciating the rule that a designation by use prevails over an *eo nomine* or general designation of merchandise in a tariff act, to wit, *United*

*States* v. *Snow's United States Sample Express Co.*, 8 Ct. Cust. Appls. 351, T.D. 37611, and *Drakenfeld & Co.* v. *United States*, 9 Ct. Cust. Appls. 124, T.D. 37979.

Citing the decision of this court in the case of *Calumet Manufacturing Co.* v. *United States*, 44 Treas. Dec. 403, T.D. 39938, defendant points out that the provision for articles, not specially provided for, wholly or partly manufactured of bamboo, has been held to be more specific in its application to merchandise of that description than the general provision for manufactures of wood. Defendant contends that the provision in paragraph 412 under which plaintiffs claim, although modified by trade agreement provisions, is limited to the class of articles provided for in said paragraph prior to such trade agreement modification, i.e., manufactures of wood, and that the trade agreement modification did not have the effect of bringing within the scope of the paragraph merchandise properly classifiable under other provisions of the tariff act.

In support of this argument, defendant cites *United States* v. *Canadian National Railways*, 29 CCPA 272, C.A.D. 202, and numerous other cases, among which may be noted *Abercrombie & Fitch Co.* v. *United States*, 9 Cust. Ct. 336, C.D. 709, and *Curley-Bates Co.* v. *United States*, 46 CCPA 14, C.A.D. 688. Consequently, defendant contends that the ski poles at bar take classification under the provision for articles wholly or partly manufactured of bamboo in paragraph 409.

We are satisfied that the law on the subject favors the contention of the defendant in this case. Judicial decision has been uniform to the effect that trade agreement provisions, even though couched in more specific language than the provisions which they modify, can only apply to merchandise of the kind already comprehended within the designated tariff paragraph.

The trade agreements act, as amended and extended, authorizes the President of the United States to enter into foreign trade agreements and "to proclaim such modifications of existing duties and other import restrictions" as are required and appropriate to carry out such trade agreements. The term "duties and other import restrictions" is defined in the act as including the "rate and form of import duties and classification of articles."

In the *Abercrombie & Fitch* case, *supra*, the second division of this court held that—

\* \* \* this can only mean that the President has authority to modify existing rates of duty on existing classifications of imported merchandise under the respective paragraphs of the Tariff Act of 1930 \* \* \*.

The court then went on to say—

In doing this the President can of course use the identical language in the trade agreement in describing the merchandise that is to be subject to the modified rate of duty as that contained in the corresponding or *designated paragraph* of said tariff act, or he can describe or reclassify a general class of merchandise more narrowly or specifically than that described in the *designated tariff paragraph* so as to limit said increased or decreased rate or rates of duty to certain particular articles or class of merchandise covered thereby. But we do not think the President has any power to enlarge the Tariff Act of 1930 by creating new provisions in the trade agreement not already covered by the respective paragraphs of said act. [Italics quoted.]

The foregoing view has been consistently applied by this court and our appellate court, the latest expression of which is found in *United States* v. *Curley-Bates Co.*, *supra*, wherein it was said—

The fact that the General Agreement on Tariffs and Trade modified paragraph 409 by adding a provision making express reference to tennis-racket frames of

osier or willow is not controlling here since such an agreement does not change the *classification* of articles, but merely modifies duties as to merchandise already comprehended by the designated paragraph. *United States* v. *Canadian National Railways*, 29 CCPA 272, 278, C.A.D. 202. [Italics quoted.]

For the foregoing reasons, judgment will issue overruling the protests herein.